CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Charlottesville
OCT 13 2005
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. 3:96CR50034-001 |
| v. | ORDER AND OPINION |
| RAY WALLACE METTETAL, *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the court on the Government's Objections to an Order Entered by the Magistrate Judge, filed on September 21, 2005. For the reasons described below, this Court MODIFIES Magistrate Judge B. Waugh Crigler's Order of September 13 to the extent that Defendant may designate a reputable laboratory where further testing on the substance may be performed, but no mouse/animal dose toxicity tests are to be conducted.

The Court reviews Magistrate Judge Crigler's Order pursuant to Federal Rule 72(a). The Government objects to Magistrate Judge Crigler's order on the grounds that (1) it goes beyond the authority granted him by the district court and (2) that the burden is on the United States, not Defendant, to prove the substance is ricin. Neither of these arguments carries great weight. Judge Michael's order referred the case to Magistrate Judge Crigler "for proceedings necessary to determine whether the substance at issue is contraband and should be returned under Rule 41(g)." Order, Feb. 4, 2005. Allowing Defendant an opportunity to test the substance to rebut the

government's evidence falls squarely within the provenance of this order. Similarly, permitting Defendant this opportunity will not alter the ultimate burden of proof on the United States.

Defendant's Reply to Government's Objections states that under Fourth Circuit law, animal studies must be used to establish toxicity. Mettetal cites no precedent for this assertion, and case law suggests that where a dose-response relationship is required, it should be sought "in the published literature." *Cavallo v. Star Enterprises*, 892 F. Supp. 756, 765 (E.D. Va. 1995) (aff'd in part, rev'd in part on other grounds).[1] Given this precedent and the availability of other tests, the Court can see no reason why the substance should be tested on live animals.

As the government notes, Judge Michael did rule that Mettetal should be allowed only a limited inquiry, given the complexities of the case. Based on the foregoing reasons, it is

ORDERED

that Defendant shall have ten days (10) from the date this order is entered to designate a laboratory which will conduct the tests. The United States shall then have five (5) days to respond. Once the Court is satisfied that the laboratory selected is appropriate, it will direct the United States to transfer the substance and make arrangements for its security. No animal studies are to be performed.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: /s/

---

[1] Indeed, an unpublished case notes that precise dose-response evidence is not always necessary to prove a substance is toxic. *McCallum ex. Rel. McCallum v. U.S.*, 3:04CV442, 2005 WL1048735 (E.D. Va. May 4, 2005).

U.S. District Judge

10-13-2005
Date