# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

|                                   |                                          |
|-----------------------------------|------------------------------------------|
| UNITED STATES OF AMERICA,         | CIVIL ACTION NO. 3:96CR30034-001         |
|                                   |                                          |
| v.                                | ORDER AND OPINION                        |
|                                   |                                          |
| RAY WALLACE METTETAL,             |                                          |
|                        *Defendant.* | JUDGE NORMAN K. MOON                   |

This matter is before the Court on Defendant's Motion and Affidavit for Leave to Appeal In Forma Pauperis, filed on November 3, 2005. For the following reasons, Defendant's Motion is hereby DENIED.

Where a party proceeded *in forma pauperis* at the district court level, that party is entitled to proceed *in forma pauperis* on appeal unless the Court finds that the appeal is not taken in good faith or that Defendant is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3). Here, Defendant has proceeded *in forma pauperis* at the district court level, and thus must only satisfy the good faith requirement to proceed.

For a district court to find that an appeal is not taken in good faith, it must not merely find that the appeal lacks merit, but that "the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant" or that the appeal amounts to a clear harassment of the courts or an intentional abuse of the judicial process. *Liles v. S.C. Dep't of*

*Corrections*, 414 F.2d 612, 614 n.1 (4th Cir. 1969). In the absence of an evident improper motive, the presentation of any issue not plainly frivolous satisfies the good faith requirement. *Ellis v. U.S.*, 356 U.S. 674, (1958); *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).

Here, Defendant seeks to appeal based on 28 U.S.C. § 1292(a)(1), granting the court of appeals jurisdiction over interlocutory appeals of injunctions. The orders Defendant seeks to appeal, however, are in fact orders regulating discovery. In his Notice of Appeal, Defendant states that he is appealing (1) this Court's Order of October 13, 2005 and (2) Magistrate Judge Crigler's six "INJUNCTIONS denying Defendant's requests for discovery." This Court's Order of October 13 determined the procedure the parties must use for testing the substance that is the subject of this litigation. Defendant does not specify which of Judge Crigler's orders he is seeking to appeal, but he does state that all were orders denying his requests for discovery. The scope and conduct of discovery are within the sound discretion of the district court. *Lewis v. Bloomberg Mills, Inc.*, 608 F.2d 971, 973 (4th Cir. 1979). In addition, orders regulating discovery are not generally considered "injunctions" within the meaning of section 1292 and thus are not subject to interlocutory review. *Id.* (noting that orders regulating discovery are merely steps in the underlying litigation process and not directed at the merits of the underlying action, and hence are not appealable under 28 U.S.C. § 1292.). *See also In Re Braxton*, 258 F.3d 250, 257 (4th Cir. 2001); *United States ex. Rel. Rahman v. Oncology Assoc., P.C.*, 198 F.3d 502, 507 (4th Cir. 1999). Further, denying Defendant an appeal in this case does not cause him any irreparable loss, as he may still appeal any final decision of this Court.

Hence, Defendant is patently unable to seek interlocutory review of these orders, and thus under the standards of Federal Rule of Appellate Procedure 24, his appeal qualifies as frivolous.

His Motion for Leave to Appeal in Forma Pauperis is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record and to Barbara Rowe, U.S. Court of Appeals, 1100 E. Main St., Suite 501, Richmond, Virginia 23219-3517.

ENTERED: _____

U.S. District Judge

November 8, 2005
Date