CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 03 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. 3:96CR30034-001 |
| v. | OPINION AND ORDER |
| RAY WALLACE METTETAL, *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion for return of property pursuant to Rule 41(g)[1] of the Federal Rules of Criminal Procedure, originally filed on February 26, 2003, and renewed on October 28, 2004.

Defendant was twice convicted by a jury of illegal possession of ricin toxin in violation of 18 U.S.C. § 175.[2] Both convictions were overturned on appeal on the grounds that Defendant's original arrest in Tennessee, which yielded information that eventually led to a search of a mini-storage unit rented by Defendant found to contain a large jar of ricin, was not supported by probable cause, and that all the fruits of his unlawful arrest should have been

---

[1] The motion was originally filed pursuant to Rule 41(e), prior to the 2002 amendments to the rule re-designating a motion for return of property to subsection (g).

[2] Section 175(b), Title 18, United States Section code makes it a crime to knowingly possess "any . . . toxin . . . of a type or in a quantity that, under the circumstances, is not reasonably justified by a prophylactic, protective, bona fide research, or other peaceful purpose . . . . In this subsection, the terms 'biological agent' and 'toxin' do not encompass any biological agent or toxin that is in its naturally occurring environment, if the biological agent or toxin has not been cultivated, collected, or otherwise extracted from its natural source."

suppressed. *See United States v. Mettetal*, 213 F.3d 634 [table], 2000 WL 530330 (4th Cir. 2000) (unpublished); *United States v. Mettetal*, 48 Fed. Appx. 895, 2002 WL 31375600 (4th Cir. 2002) (unpublished). Defendant now seeks return of the property seized from the storage unit that was proved at both trials to contain ricin toxin.

The Government opposes Defendant's motion on the grounds that the property in question is contraband and as such is not subject to return under Rule 41(g). Defendant has repeatedly argued that the property must be tested on live animals in order to establish that it qualifies as contraband under §§ 175 and 178, and given the absence of a positive animal test the property must be returned. *See* (10/28/04 Motion) ;(11/29/04 Obj. to R&R); (8/8/05 Obj to Show Cause Order); (4/21/06 Notice).

On February 4, 2005, the Honorable James H. Michael remanded Defendant's motion for consideration by United States Magistrate Judge B. Waugh Crigler. On April 5, 2005, Magistrate Crigler ordered the Government to conduct laboratory testing on the property to determine whether it is contraband. On September 21, 2005, the Government submitted test results from the Department of Homeland Security's National Bioforensic Analysis Center (NBFAC). (9/21/05 Gov't Obj. Exh. A). NBFAC's report, dated June 3, 2005, stated that samples of the substance were sent to personnel at three separate laboratories: (1) Dr. Robert Bull at the Biological Defense Research Directorate, Naval Medical Research Center (BDRD/NMRC); (2) Dr. Robert Harris, Commonwealth Biotechnologies, Inc. (CBI); and (3) Dr. Martha Hale at the United States Army Medical Research Institute of Infectious Disease (USAMRIID). (*Id.* p.1). All three laboratories found that the samples tested positive for ricin and summarized the testing methodology used. (*Id.* Encl. 1–3). Two of the three laboratories utilized separate methods to

confirm that the ricin is biologically active. (*Id.* Encl. 1, 3).[3]

Following Judge Michael's passing, this case was transferred to the Court by Order dated October 12, 2005. On October 13, 2005, finding no support for Defendant's position that dose-response evidence from live animals is necessary to prove that a substance is a "toxin" for the purposes of 18 U.S.C. §§ 175 and 178, the Court ruled that Defendant would have an opportunity to designate a laboratory to conduct tests on the property, but that no animal tests were to be conducted. Defendant noticed an appeal of this ruling, which was dismissed on March 27, 2006. On April 21, 2006, Defendant filed a notice asserting that he would perform no testing on the property and objecting to the Court's order prohibiting animal toxicity testing.

Nothing in § 175 or § 178 implies that animal testing is an indispensable or even preferred method of establishing that a substance is a "toxin", and Defendant has cited no relevant authority to support his position.[4] Ricin is derived from the castor bean plant "and is

---

[3] As Defendant has not made any showing that he possesses expertise in bioforensic analysis, immunodiagnostics, or the literature related to these fields, the Court declines to credit his assertions that the various testing methods used in the three laboratories are unreliable. *See* (8/8/05 Resp. to Show Cause Order).

[4] Defendant's reliance on tort cases involving exposure to petroleum vapors, mold, talcum powder lubricant, and fungicide to establish that dose-response relationship testing is the preferred method to prove toxicity—i.e. the degree of harm to be expected from a given level of exposure—is misplaced. *See* (8/8/05 Resp. to Show Cause Order p. 2-3). Section 175, Title 18, United States Code criminalizes mere knowing *possession* of "any . . . toxin . . . of a type or in a quantity that, under the circumstances, is not reasonably justified by a . . . peaceful purpose," and § 178 defines "toxin" to include "the toxic material or product of plants, animals, microorganisms . . . or infectious substances . . . and includes . . . any poisonous isomer or biological product, homolog, or derivative of such a substance . . . ." Unlike in a tort case, causation and harm need not be proved under § 175. Rather, and in the specific context of a motion for return of property, the Government need only prove by a preponderance of the evidence that the property requested to be returned satisfies the statutory definition of toxin under the circumstances described in § 175(b). Thus, methods of testing that reliably show the amount and purity of a sample and reliably identify it as a substance known to possess the qualities of a "toxin" are sufficient under the plain language of the statute; it is not necessary in this case to reinvent the wheel and subject animals to testing to establish that ricin is "toxic" or "poisonous."

considered to be the second most deadly toxin known to man; a toxin for which there is no known antidote." *United States v. Leahy*, 169 F.3d 433, 436 (7th Cir. 1999). "When inhaled or ingested, in even a tiny amount, ricin dust is typically fatal. Equally as disconcerting, ricin is virtually impossible to trace as a cause of death." *Id.* In *Leahy*, the Seventh Circuit cited evidence that .67 grams of a substance containing 4.1% ricin was enough to kill approximately 125 people. *Id.* In another case, the Eight Circuit cited witness testimony that "0.7 gram of 5% pure ricin . . . was enough to kill 126 people." *United States v. Baker*, 98 F.3d 330, 333 (8th Cir. 1996). In this case, NBFAC sample number 05.011.02 was found to consist of approximately 41.9 grams of powder containing 5.7% biologically active ricin by weight of the powder tested. (9/21/05 Gov't Obj. Exh. A, Encl. 1).

"Per se" contraband is defined as an "object[] the possession of which, without more, constitutes a crime." *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699 (1965). A claimant is "not entitled to have [per se contraband] returned to him." *United States v. Jeffers*, 342 U.S. 48, 54 (1951); *see United States v. Brant*, 684 F.Supp. 421, 424 (M.D.N.C. 1988); *United States v. Farrell*, 606 F.2d 1341, 1347 (D.C. Cir. 1979). Given the uncontroverted test results in this case, and the evidence cited in *Leahy* and *Baker* concerning the origin of ricin and its potential to cause numerous deaths in much smaller amounts of lesser purity than the property at issue in this case, the Court finds that the property Defendant seeks to have returned clearly qualifies as a "toxin . . . of a type or in a quantity that, under the circumstances, is not reasonably justified by a prophylactic, protective, bona fide research, or other peaceful purpose." 18 U.S.C. §§ 175(b), 178. Its mere possession is unlawful, and thus it is per se contraband not eligible for

---

As noted *supra* n.3, Defendant has not properly challenged the reliability the testing methods used.

return under Rule 41(g). Defendant's motion therefore is DENIED.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Opinion and Order to all counsel of record.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

Date: May 3, 2006